UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD JESUS FERNANDEZ
LINARES,

       Petitioner,

  v.                      Case No.:  2:26-cv-02042-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

       Respondents,

                                  /

## OPINION AND ORDER

Before the Court is Ronald Jesus Fernandez Linares's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 13).

Fernandez Linares is a noncitizen subject to a non-final order of removal and is currently in immigration detention.  In a prior case—*Fernandez Linares v. Florida Soft Side Detention Center*, M.D. Fla. Case No. 2:26-cv-1538-SPC-KRH—this Court found the government was unlawfully detaining him under 8 U.S.C. § 1225(b) rather than § 1226(a) and ordered the respondents to either bring him before an immigration judge for a bond hearing or release him.  On May 27, 2026, an immigration judge found Fernandez Linares to be a danger to the community and denied release.  Fernandez Linares then filed this habeas action, arguing the immigration judge improperly relied on unauthenticated criminal records from Venezuela and did not give enough

weight to his pending asylum application or consider alternatives to detention. The Court denied Fernandez Linares's second habeas petition because it does not have jurisdiction to review an immigration judge's discretionary bond decision. *See* 8 U.S.C. § 1226(e).

Fernandez Linares now asks the Court to vacate its order denying habeas relief, set aside the judgment, and reconsider his second habeas petition, all under Rule 59(e). The decision to alter or amend a judgment under Rule 59(e) is an extraordinary remedy "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty, Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)). "The only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact." *Gordon v. Soc. Sec. Admin.*, Comm'r, 625 F. App'x 512, 513 (11th Cir. 2015) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A Rule 59(e) motion cannot be used to relitigate old matters or present evidence that could have been raised prior to the entry of judgment. *Id.* (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)).

Fernandez Linares asks the Court to reconsider its order because the immigration judge who denied bond improperly relied on unauthenticated criminal records from Venezuela. His Rule 59(e) motion thus improperly seeks

2

to relitigate an argument raised in his petition and rejected by this Court.

Accordingly, Fernandez Linares's motion (Doc. 13) is **denied**.

**DONE AND ORDERED** in Fort Myers, Florida on July 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3